UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PPF 5, LLC                                                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO. 5:25-CV-28-DPJ-BWR

DELTA WORKOVER, LLC, ET AL.                                            DEFENDANTS

ORDER

The matter is before the Court on Plaintiff's motion to vacate under Federal Rule of Civil Procedure 60(b).  The motion has been partially granted in another order, and the remainder is now denied.

I.       Background

On June 18, 2025, Plaintiff PPF 5, LLC, through counsel, filed a Notice of Voluntary Dismissal [40], closing the case.  Then, on December 22, 2025, new counsel made an appearance for Plaintiff and filed a Motion to Reinstate Civil Action [42].  A few days later, Plaintiff filed a Motion to Amend Complaint [44].  Defendants opposed both motions.  *See* Resp. [45]; Resp. [46].  On January 16, 2026, United States District Judge David C. Bramlette denied the Motion to Reinstate [42] and found the Motion to Amend [44] was moot.  *See* Order [47].

Plaintiff appealed those rulings on February 6, 2026.  It then submitted its Brief to the Fifth Circuit on March 27, 2026; and Defendants filed their brief on April 27, 2026.  *See PPF 5 v. Workover*, No. 26-60060; Notice [1] (COA); Appellant Brief [14] (COA); Appellee Brief [19] (COA).

But after appealing, Plaintiff filed another motion in district court seeking several forms of relief.  First, it sought Judge Bramlette's recusal and case reassignment.  Mot. [50] at 3. Second, it asked that the Order [47] denying the motion to reinstate be vacated under Federal

Rules of Civil Procedure 60(b)(3) and (6).  *Id.*  Third, Plaintiff requested reinstatement.  *Id.* at 4.

As for the pending appeal, Plaintiff stated:

> Inasmuch as the Plaintiff has heretofore appealed the Order Denying the Plaintiff's Motion to Reinstate the case to the United States Court of Appeals for the Fifth Circuit, the Plaintiff and its counsel hereby state that a Motion to Remand the case to this District Court will be pursued in accordance with Rule 12.1 of the Federal Rules of Appellate Procedure.  Therefore, this District Court is called upon to render an "indicative ruling."

*Id.* at 3–4.

After filing this district-court motion, Plaintiff returned to the Fifth Circuit and filed a "Motion to Stay and to Remand to Trial Court regarding Recusal of District Court Judge."  [22-1] (COA).  A few days later, Plaintiff filed a "Supplementation to Motion to Stay and to Remand to Trial Court regarding Recusal of District Court Judge."  [23-1] (COA).  Both motions asked the Fifth Circuit to

> stay the proceedings in this matter pending the District Court's rendering of an "indicative ruling," such that this civil action may then be remanded to the lower court for the further relief of recusal, vacating of the referenced Order Denying the Appellant's Motion to Reinstate the case to its active docket, and to Reassign this matter to another qualified District Court Judge for the Southern District of Mississippi.

Mot. [22-1] at 5; *see* Suppl. [23-1] at 3–4 (minimal alteration from [22-1]).

On June 16, 2026, Judge Bramlette entered an Order of Recusal [52], and the case was reassigned.  Ten days later, on June 26, the Clerk of the Fifth Circuit denied both motions to stay the appeal [22-1, 23-1].  Letter [28] (COA).  Because the recusal issue has been resolved, the Court focuses on the request for an indicative ruling.[1]

---

[1] *See Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073 (5th Cir. 2010) (holding that district court retains jurisdiction to recuse after notice of appeal).

II.    Analysis

"A timely notice of appeal divests the district court's jurisdiction, meaning it cannot grant a party's Rule 60(b) motion unless this court remands." *Moore v. Tangipahoa Par. Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016) (per curiam). Here, Plaintiff seeks an indicative ruling. Both Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1 allow that.

Rule 62.1 provides:

(a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

(b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.

(c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Appellate Rule 12.1(a) adds: "If a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending, the movant must promptly notify the circuit clerk if the district court states either that it would grant the motion or that the motion raises a substantial issue."

The Court denies the motion because the issues have not been briefed. To begin, Plaintiff filed no supporting memorandum. *See* L.U. Civ. R. 7(b)(2). And while it did cite two cases in its motion, it offered no analysis. *See* Mot. [50] at 1–4. Nor have Defendants briefed the issues. To the extent the parties invite the Court to circle back to the original briefing on the motion to

reinstate [42], the Court is not inclined to do so because the subsequent procedural history may impact the analysis, and there was no supporting brief for that motion either.  *See* Mot. [42] at 3.

The Court is not trying to nitpick, but it seems unwise to issue an indicative ruling without adequate briefing when the Fifth Circuit has not stayed the case and has a more robust record before it.  Accordingly, the Court finds that the motion to recuse has already been granted and the remaining relief in motion [50] is denied under Rule 62.1(a)(2).

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE